UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KEITH LAVON BURGESS | Case No. 4:03-cr-00107-001<br><br>**Order** |

This matter is before the Court on Defendant Keith Burgesses motion for early termination of supervised release. The Court denies the motion.

Burgess pled guilty to a charge of conspiracy to possess with intent to distribute and distribution of 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and 851. On October 25, 2004, the Court sentenced him within the Guidelines to one hundred fifty-six (156) months of imprisonment and ten (10) years of supervised release. ECF No. 67. On June 11, 2015, Defendant began his term of supervised release. His probation term is scheduled to expire on or about June 11, 2025.

A district court may terminate a defendant's term of probation if, in the case of a felony, the defendant has completed at least one year of probation and, after considering the § 3553(a) factors, the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3564(c). Defendant's motion for early termination states that he has completed six (6) years of supervised release without incident, has been steadily employed, and presents no threat to the public. See ECF No. 102.

However, Defendant was convicted of a serious offense—conspiracy to possess

with intent to distribute and distribution of 50 grams or more of crack cocaine. He was a significant drug dealer who was held accountable for 7,096.68 kilograms of marijuana equivalency weight. PSR ¶ 20. Defendant is in a criminal history category of IV. PSR ¶ 44. Defendant has a significant criminal history for various drug related offenses dating back to 1998, including: two counts of bank robbery in 1998 for which he was sentenced to forty-one (41) months in the Bureau of Prisons and possession of cocaine in 2002 for which he was sentenced to one (1) year which was suspended to two (2) years' probation. PSR ¶¶ 39, 40.  At present, Defendant still has three years of supervised release remaining, as his term of supervised release does not expire until June 2025. For the reasons stated, and after considering the § 3553(a) factors, the Court concludes that early termination of his term of supervised release is not warranted.

For these reasons, Burgesses motion for early termination of probation, ECF No. 102, is **DENIED**.

**IT IS SO ORDERED.**

                                                    *s/Terry L. Wooten*
                                                    Terry L. Wooten
                                                    Senior United States District Judge

December 15, 2022
Columbia, South Carolina